# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **R.B. and C.B.**

**No. 16-0880** (Hancock County 15-JA-42 & 15-JA-43)

## MEMORANDUM DECISION

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Petitioner Mother M.R., by counsel Ann Marie Morelli, appeals the Circuit Court of Hancock County's August 18, 2016, order terminating her parental rights to then two-year-old R.B. and one-year-old C.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cathryn A. Nogay, filed a response on behalf of the children in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children when a less-restrictive dispositional alternative existed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the DHHR filed an abuse and neglect petition against the children's parents. In the petition, the DHHR claimed that the parents were involved in a domestic incident that left the children (both under the age of three) alone in the home without supervision and that the parents abused heroin. Thereafter, petitioner waived her right to a preliminary hearing.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). We further note that petitioner's brief fails to include a section setting forth the current status of the children and parents and the permanency plans for the children. *See* W.Va. R. App. P. 11(i).

[2] The guardian attached an exhibit ("Exhibit 1") to her response brief. We note that the West Virginia Rules of Appellate Procedure to not provide for "exhibits" as attachments to briefs, and the guardian did not file a motion to supplement the appendix record with that exhibit. *See* W.Va. R. App. P. 7(g) (providing that "[a] party may file a motion for leave to file a supplemental appendix"). As it was not properly made a part of the appendix record in this appeal, we decline to consider the guardian's exhibit.

1

In February of 2016, the circuit court held a hearing at which petitioner agreed to enter inpatient drug treatment. The circuit court ordered petitioner to enter inpatient drug treatment, and it stated that if she failed to do so, the matter would proceed to adjudication. Thereafter, it was reported that petitioner failed to enter a treatment program and that she tested positive for controlled substances on more than one occasion.

In March of 2016, the circuit court held an adjudicatory hearing. Petitioner did not appear in person, but was represented by counsel. Based on petitioner's continued substance abuse and failure to participate in the proceedings, the circuit court found that petitioner was an abusing parent.[3] The matter was scheduled for disposition.

In April of 2016, the circuit court held a dispositional hearing. Petitioner again did not appear in person at this hearing, but was represented by counsel. Reportedly, petitioner was admitted into a detoxification program prior to the hearing. For that reason, the circuit court continued the dispositional hearing to May of 2016. The dispositional hearing was again continued due to reports that petitioner was arrested on drug-related charges.

In June of 2016, the circuit court held a final dispositional hearing. Despite having been released from incarceration approximately five days prior to the hearing, petitioner failed to appear in person, but was represented by counsel. At the hearing, it was noted that petitioner was admitted into a detoxification program in April of 2016, but she had left the program the same day. Given petitioner's failure to correct her substance abuse issues, by order entered on August 18, 2016, the circuit court terminated petitioner's parental rights to the children.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[3]While petitioner was referred to below as "an abusive and neglectful parent," we note that the phrase "neglectful parent" does not appear in the statutory framework for abuse and neglect proceedings in this State. Instead, West Virginia Code § 49-1-201 defines "abusing parent" as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse *or neglect* as alleged in the petition charging child abuse or neglect." (Emphasis added.) As such, the Court will refer to petitioner as an "abusing parent" in this memorandum decision, as that phrase encompasses parents who have been adjudicated of abuse and/or neglect.

[4]The parental rights of both parents were terminated below. According to the guardian, the children are currently placed with their maternal grandmother and step-grandfather, where they have been since the beginning of these proceedings in 2015. The permanency plan for the children is adoption into that home.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children without employing a less-restrictive dispositional alternative. Petitioner asserts that law favors the least-restrictive alternative and that the circuit court could have granted the children's grandparents legal guardianship, which would have prevented the need for the termination of petitioner's parental rights. Petitioner acknowledges that "[t]ermination [of parental rights] . . . may be employed without the use of intervening[,] less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 82, 479 S.E.2d at 592, syl. pt. 7, in part. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Contrary to petitioner's claim that she could have substantially corrected her substance abuse issues in the near future if granted more time to do so, the evidence showed that petitioner had failed to respond or follow through with rehabilitative efforts in this case. Based on petitioner's repeated failures to comply with rehabilitative efforts and her continued drug abuse, we find no error in the circuit court's termination of petitioner's parental rights without employing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 18, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker